UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  CASE NO.: 14-31251-BKC-LMI
Chapter 7

**IRIS N. RIVERA CALZADA**
SSN: XXX-XX-1291
_____Debtor._____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND
SETTLEMENT REGARDING POTENTIAL AVOIDANCE AND
<u>TURNOVER CLAIMS AGAINST MIGDALIA RIVERA POLANCO</u>**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Iris N. Rivera Calzada (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation for Compromise and Settlement Regarding Potential Avoidance and Turnover Claims Against Migdalia Rivera Polanco (the "Motion"), and in support thereof, states as follows:

**I.    Background**

1. This case commenced with the filing of a voluntary Chapter 7 Petition on September 23, 2014. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

**The Real Property**

2. Prior to the Petition Date, the Debtor took title to certain property located at 3249 Abiaka Drive, Kissimmee, Florida 34743 ("Real Property"),

3. On or around January 17, 2012, the Debtor transferred the Real Property to her friend, Migdalia Rivera Polanco ("Polanco")(the "Real Property Transfer"). In August of 2012, Polanco sold the Real Property, which generated a surplus of $23,943.63 (the "Sales Proceeds").

4. The Trustee asserts that Polanco did not receive reasonably equivalent value in exchange for the Real Property Transfer, and that the Estate has a claim to the Sales Proceeds (the "Sales Proceeds Claims").

5. The Debtor claims that her interest in the Real Property was limited to bare legal title, and otherwise disputes the Trustee's assertions.

## II. The Proposed Settlement

6. The Trustee has examined the facts and circumstances surrounding the Sales Proceeds Claims, as well as the potential defenses which Polanco may assert, and has determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation for Compromise and Settlement Regarding Potential Avoidance and Turnover Claims Against Migdalia Rivera Polanco (the "Stipulation," attached hereto as Exhibit "A").

7. The Stipulation provides for the settlement of the Potential Avoidance Claims, as defined in the Stipulation (the "Settlement").

8. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept, the Settlement Amount, as defined in the Stipulation, for the settlement of the Potential Avoidance Claims and the resolution of other matters set forth in the Stipulation.

9. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## III. Legal Standard for Settlement

10. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

11. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

2

disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

12. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

13. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

>   (a) the probability of success in the litigation;
>
>   (b) the difficulties, if any, to be encountered in the matter of collection;
>
>   (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
>   (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

14. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

15. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Iris N Rivera Calzada, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on March 20, 2015, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

    Respectfully submitted,

    /s/ Joel L. Tabas
    Joel L. Tabas
    Florida Bar No. 516902
    Tabas, Freedman & Soloff, P.A.
    Attorneys for the Chapter 7 Trustee
    14 Northeast First Avenue - Penthouse
    Miami, Florida 33132
    Telephone: (305) 375-8171
    Telefax: (305) 381-7708
    JTabas@tabasfreedman.com

14-31251
Bank of America
P.O. BOX 851001
Dallas, TX 75285-1001

14-31251
Community Health of South Florida
10300 SW 216th Street
Miami, FL 33190-1003

14-31251
First Bank Card
POB 84025
Columbus, GA 31908-4025

14-31251
GE Capital Retail Bank/Brandsmart
PO BOX 965061
Orlando, FL 32896-5061

14-31251
GE Capital Retail Bank/Walmart
PO BOX 965061
Orlando, FL 32896-5061

14-31251
**Iris N Rivera Calzada**
**P.O. Box 900874**
**Homestead, FL 33090-0874**

14-31251
Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    CASE NO.: 14-31251-BKC-LMI
                                                          Chapter 7
IRIS N. RIVERA CALZADA
SSN: XXX-XX-1291

_____Debtor._____/

**STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING POTENTIAL AVOIDANCE AND TURNOVER CLAIMS AGAINST MIGDALIA RIVERA POLANCO**

Joel L. Tabas, as Chapter 7 Trustee, and the Debtor, Iris N. Rivera Calzada (the "Debtor"), enter into this Stipulation for Compromise and Settlement Regarding Potential Avoidance and Turnover Claims Against Migdalia Rivera Polanco (the "Stipulation"). The Trustee and the Debtor agree upon the following terms and conditions:

**I. Background**

1. This case commenced with the filing of a voluntary Chapter 7 Petition on September 23, 2014. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

**The Real Property**

2. Prior to the Petition Date, the Debtor took title to certain property located at 3249 Abiaka Drive, Kissimmee, Florida 34743 ("Real Property").

3. On or around January 17, 2012, the Debtor transferred the Real Property to her friend, Migdalia Rivera Polanco ("Polanco")(the "Real Property Transfer").

4. In August of 2012, Polanco sold the Real Property, which generated a surplus of $23,943.63 (the "Sales Proceeds").

5. The Trustee asserts that Polanco did not receive reasonably equivalent value in exchange for the Real Property Transfer, and that the Estate has a claim to the Sales Proceeds (the "Sales Proceeds Claims").

Initials

**EXHIBIT "A"**

CASE NO.: 14-31251-BKC-LMI

6. The Debtor claims that her interest in the Real Property was limited to bare legal title, and otherwise disputes the Trustee's assertions.

## II. The Settlement

7. In light of, among other things, the expense and uncertainty of litigation and, in order to provide for the expeditious administration of this Estate, the Trustee and the Debtor have agreed to the settlement set forth below, subject to Bankruptcy Court approval.

8. In lieu of the Trustee making demand upon and/or bringing an action against Polanco, the Debtor has offered to compromise and settle with respect to the Trustee's potential avoidance and turnover claims against Polanco on account of the Real Property Transfer and Sales Proceeds Claims (the "Potential Avoidance Claims"), for $10,000.00 in cleared funds (the "Settlement Amount"), which offer the Trustee has accepted, subject to Bankruptcy Court approval.

9. Accordingly, the Debtor agrees to pay to the Trustee, and the Trustee agrees to accept, the Settlement Amount, in the sum of $10,000.00, in full and final settlement of the Potential Avoidance Claims.

10. The Trustee and the Debtor agree that the Settlement Amount shall be paid in Thirty (30) consecutive monthly installments, as follows: twenty-nine (29) payments of $353.33, followed by one (1) final payment of $353.43, with the first payment to be made on or before April 15, 2015, and each subsequent payment due on the same day each month thereafter until a total amount of $10,600.00 is paid in full by September 15, 2017.

11. Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Iris N. Rivera Calzada, Case No.: 14-31251-BKC-LMI," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

Initials

2

CASE NO.: 14-31251-BKC-LMI

### III. Other Terms and Conditions

12. The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

13. In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

14. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such

*[Initials]*

3

CASE NO.: 14-31251-BKC-LMI

party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

15. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

16. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE


Initials

4

CASE NO.: 14-31251-BKC-LMI

Dated this __10__ day of March, 2015.　　　　　　Dated this __20__ day of March, 2015.

_____　　　　　　_____
Iris N. Rivera Calzada　　　　　　　　　　　　Joel L. Tabas, Trustee
Condominio Segovia #708　　　　　　　　　　　14 N.E. First Avenue, Penthouse
San Juan, Puerto Rico 33090-0874　　　　　　　Miami, Florida 33132
　　　　　　　　　　　　　　　　　　　　　　Telephone: (305) 375-8171
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (305) 381-7708

Dated this __18__ day of March, 2015.

_____
for Robert Sanchez, Esq.
355 W. 49th Street
Hialeah, Florida 33012

5

Initials _____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                            CASE NO.:  14-31251-BKC-LMI
                                                                                  Chapter 7
**IRIS N. RIVERA CALZADA**
SSN: XXX-XX-1291
     Debtor.                /

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION
FOR COMPROMISE AND SETTLEMENT REGARDING POTENTIAL AVOIDANCE
AND TURNOVER CLAIMS AGAINST MIGDALIA RIVERA POLANCO**

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Potential Avoidance and Turnover Claims Against Migdalia Rivera Polanco (the "Motion"), and the Court, having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, and finding that the notice of the proposed

1 of 2

**EXHIBIT "B"**

CASE NO.: 14-31251-BKC-LMI

compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:
Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:
Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.